# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

2017 APR 17  P 1: 32

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| TIFFANY HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 2:17-CV-225-WKW-TFM |
| | ) |
| WAL-MART STORES | ) |
| EAST, LP, | ) **JURY DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** Plaintiff, Ms. Tiffany Hughes ("Ms. Hughes" or "Plaintiff"), and files this Complaint against Defendant, Wal-Mart Stores East, LP ("Wal-Mart" or "Defendant"). As grounds for this Complaint, Plaintiff states as follows:

## INTRODUCTION

1.      This is a suit authorized and brought to secure protection of and to redress the deprivation of rights secured by the Americans with Disabilities Act of 1990 ("ADA"), codified at 42 U.S.C. § 12101, *et seq.*, as amended. The Plaintiff seeks damages and equitable relief from her past employer, Wal-Mart, for violations of the ADA.

## JURISDICTION AND VENUE

2.    The Plaintiff invokes the jurisdiction of the Court pursuant to 42 U.S.C. § 12101, *et seq.* and 28 U.S.C. § 1343, *et seq.* This is an action authorized and instituted pursuant to the ADA.

3.    The actions which form the basis of this complaint occurred in Autauga County, Alabama.

### PROCEDURAL REQUIREMENTS

4.    On or about August 22, 2016, Plaintiff filed a Second Charge[1] ("Second Charge") of discrimination with the Equal Employment Opportunity Commission ("EEOC") (See attached Exhibit "1"). Such charge was filed within 180 days after one or more of the unlawful employment practices which violated the ADA.

5.    On or about January 13, 2017, the EEOC issued Plaintiff a Notice of Right to Sue ("Right to Sue Notice") for the Second Charge.[2] The Right to Sue

---

[1] On or about January 7, 2016, Plaintiff filed a First Charge ("First Charge") of discrimination with the EEOC. Such charge was filed within 180 days after one or more of the unlawful employment practices which violated the ADA. On or about July 25, 2016, the EEOC issued Plaintiff a Right to Sue Notice.

[2] On or about October 5, 2016, Plaintiff filed a Third Charge ("Third Charge") of discrimination with the EEOC. Such charge was filed within 180 days after one or more of the unlawful employment practices which violated the ADA. On or about January 13, 2017, the EEOC issued Plaintiff a Right to Sue Notice, for the Charge Number associated with the Second Charge; however, instead of inclosing the correct Second Charge, the EEOC included a copy of the Third Charge with the Charge Number covered with white out and the Charge Number for the Second Charge hand written in along with "Amended Charge". The Third Charge was assigned its own Charge Number and as recently as March 29, 2017, Plaintiff received the Respondent's Position Statement for it from the EEOC. Plaintiff believes that the Third Charge is still under investigation, however, because the EEOC provided a copy of the Third Charge with a Right to Sue Notice to preserve the claims from the Third Charge Plaintiff includes them in this Complaint.

Notice was received by Plaintiff on January 18, 2017. (See attached Exhibit "2"). This Complaint is filed within ninety (90) days of Plaintiff's receipt of the Right to Sue Notice.

6.     Plaintiff has exhausted all administrative remedies with respect to her Charge before filing her claim with this Court.

## PARTIES

7.     Plaintiff is a citizen of the United States of America who is over the age of nineteen (19); she resides in Elmore County, Alabama.

8.     Defendant does business in the state of Alabama and is an "employer" within the meaning of 42 U.S.C.A. § 12111 of the ADA in that it engages in an industry affecting commerce, and has employed more than the requisite number of persons for the requisite duration of time.

9.     Wal-Mart was Ms. Hughes's employer during all times relevant to this cause of action.

10.    The actions that are the basis of this Complaint occurred at Defendant's Store #0483 located at 1903 Cobbs Ford Road, Prattville, Alabama.

## FACTS

11.    Plaintiff re-alleges and incorporates by reference paragraphs one (1) through ten (10) above with the same force and effect as if fully set out in specific detail herein below.

3

12.     Ms. Hughes was employed by Wal-Mart as a Pharmacist at its Prattville, Alabama location during all times relevant to this cause of action.

13.     Mr. Rusty Harris ("Mr. Harris"), Wal-Mart's Market Health and Wellness Director, was in Ms. Hughes's chain of command.

14.     Ms. Hughes filed the First Charge with the EEOC on or about January 7, 2016, detailing Mr. Harris's violation of her rights under the ADA.

15.     Subsequently, Mr. Harris subjected Ms. Hughes to persistent harassment, including belittling her and treating her with condescension and contempt.

16.     Mr. Harris was aware of the First Charge levied against him by Ms. Hughes, outlining his violations of the ADA, when he chose to take action adverse to Ms. Hughes.

17.     On or about July 6, 2016, Mr. Harris singled out Ms. Hughes, compared to the other pharmacists, by forbidding her, and no other employees, from wearing open-toed shoes in the workplace.

18.     That same day, Mr. Harris demanded that Ms. Hughes complete a Conflicts of Interest form.

19.     Ms. Hughes informed Mr. Harris that she had questions about the form and was already in contact with the home office to get clarification.

4

20.    Mr. Harris insisted that Ms. Hughes come into the back of the store with him to discuss the form; his conduct made her fear for her safety.

21.    Mr. Harris became visibly upset and left the immediate area. Ms. Hughes attempted to contact the home office by phone to resolve the situation.

22.    Mr. Harris returned and after some back and forth placed Ms. Hughes on suspension without pay.

23.    The purported reason for Ms. Hughes's suspension was insubordination and refusal to complete the form.

24.    While on suspension, Ms. Hughes completed the form and returned it to Defendant; however, she was not allowed to return to work.

25.    Ms. Hughes eventually received a letter from Mr. Harris dated August 9, 2016, which stated that Ms. Hughes would be placed back on the schedule starting on August 17, 2016, but that she should "communicate with her leadership team" by engaging in discussions with him by August 15, 2016.

26.    Ms. Hughes contacted Mr. Harris on or about August 15, 2016, via text message, and stated that she would like to come back to work, but she did not feel comfortable meeting with him; she suggested meeting with a neutral representative instead.

27.    Mr. Harris responded, via text message, to Ms. Hughes. Mr. Harris acknowledged Ms. Hughes, "reaching out," as requested. However, instead of

allowing her to return to work, he placed her on a personal leave of absence. Mr. Harris stated that Ms. Hughes would have thirty (30) days to secure a position within the company for which she is qualified outside of the responsibility of the Market leadership team.

28.    Ms. Hughes did attempt to secure a comparable position within the company, but no positions were available within the state outside of the Market leadership team during the time allotted.

29.    Ms. Hughes was denied the opportunity to work and support her family after her July 6, 2016 suspension, and subsequently denied the opportunity to return to work despite complying with all of Wal-Mart's requests.

30.    Mr. Harris terminated Ms. Hughes via letter on or around September 27, 2016. He stated that the reason for Ms. Hughes's termination was because she did not communicate with him as requested and did not secure another role within the company.

31.    Mr. Harris's reason for terminating Ms. Hughes is mere pretext because she did communicate with him as requested, via text message which he acknowledged, and she did attempt to secure another role within the company.

32.    Ms. Hughes was further denied the opportunity to work and support her family after her September 27, 2016 termination.

## COUNT ONE
## RETALIATION IN VIOLATION OF THE ADA

33.    Plaintiff exercised a protected right under the ADA by filing the First Charge of discrimination against Wal-Mart with the EEOC, namely Charge number 420- 2016-00752, because she opposed Mr. Harris's discriminatory and retaliatory acts against her.

34.    On July 6, 2016, at Mr. Harris's direction, Defendant placed Ms. Hughes on indefinite suspension, without pay.

35.    Wal-Mart suspended Ms. Hughes on or about July 6, 2016, because she filed the First Charge in opposition of violations of the ADA.

36.    Ms. Hughes complied with Wal-Mart's requests that she complete the Conflicts of Interest form and contact Mr. Harris prior to August 15, 2016.

37.    Wal-Mart refused to allow Ms. Hughes to return to work, despite the fact that she complied with its requests, because she filed the First Charge.

38.    As a result of Wal-Mart's conduct, Ms. Hughes was deprived of income and other benefits. The conduct described above also caused Ms. Hughes emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

WHEREFORE premises considered, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, consequential damages, incidental damages, the costs of this action, interest, attorneys' fees, and any other, further, and different relief to which she may be entitled.

**JURY DEMAND**

7

Plaintiff demands a trial struck by jury herein.

Respectfully submitted,

_Tiffany Hubert Hughes_
Tiffany Hubert Hughes
*Plaintiff, pro se*


**Tiffany Hubert Hughes**
155 Eagle Rock Bend
Millbrook, Alabama 36054
Telephone:  (334) 290-0468


**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

WAL-MART STORES EAST, LP
c/o Heather Jones, Esq.
Littler Mendelson
2301 McGee Street, Suite 800
Kansas City, MO  64108