IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIFFANY HUGHES, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-cv-225-WKW-TFM |
| | ) | (wo) |
| WAL-MART STORES, EAST LP., | ) | |
| AND MICHAEL R. HARRIS, | ) | |
| | ) | |
|     Defendants. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law.  (Doc. 4).  Pending before the Court is Defendant Wal-Mart's Motion to Dismiss (Doc. 32, filed 2/13/18), Plaintiff's Response thereto (Doc. 35, filed 2/16/2018), Wal-Mart's Reply (Doc. 39 filed 3/19/2018), Defendant Harris' Motion to Dismiss (Doc. 42, filed 3/22/2018) and Plaintiff's Response thereto (Doc. 44, filed 4/12/2018).  For good cause, it is the Recommendation of the Magistrate Judge that the Defendants' Motions to Dismiss be GRANTED, in part, and DENIED, in part, as set out below.

## I. DISCUSSION

This is an employment discrimination case.  Plaintiff, who was previously employed with Wal-Mart as a pharmacist, brings claims pursuant to the Americans with

Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., as amended. Additionally, she brings state law claims for defamation, invasion of privacy, tortious conduct, and conspiracy.  (Amended Complaint, Doc. 30).  Defendants, Wal-Mart and Harris, move to dismiss the state law claims for defamation, invasion of privacy, tortious conduct and conspiracy.  Harris also moves to dismiss any ADA claims against him, and Plaintiff, in her response, admits that she does not bring any ADA claims against Harris. (Doc. 44 at p. 2 citing Amended Complaint at ¶¶ 1 and 11)[1].  Accordingly, the Court will now address Defendants' Motions to Dismiss as to the state law claims.

## A. FACTS

In her Complaint, Plaintiff alleges state law claims for defamation, invasion of privacy, tortious conduct, and conspiracy.  (Doc. 30).  She specifically claims that she was defamed by Harris' statement made to her "in front of Wal-Mart customers, as well as to others at Wal-Mart, that she was unfit to continue working as a pharmacist."  (Doc. 30 at ¶ 89).  She further claims that "the Defendants have publicized this information with actual malice, knowing that the information was false, or with reckless disregard of the fact that the information was probably false."  (Doc. 30 at ¶ 94).  With respect to her claim for invasion of privacy, she claims that Defendants have "made public, private information and matters concerning the Plaintiff, which information places Plaintiff before members of the public in a false . . . light."  (Doc. 30 at ¶ 96).  Alternatively,

---

[1] If Plaintiff were attempting to bring claims against individual Defendant Michael R. Harris based on the ADA, those claims would be dismissed on the basis that there is no individual liability under the ADA.  *See Albra v. Advan. Inc.,* 490 F.3d 826, 830 (11th Cir. 2007).

Plaintiff claims that "employees of Defendant Wal-Mart, . . . have given publicity to private health information about the Plaintiff, whether true or false, that was of no legitimate concern to those to whom the information was disclosed."  (Doc. 30 at ¶ 99). As a result of this invasion, Plaintiff claims that she "was prejudiced in her profession, . . . and Defendant's actions may have resulted in the refusal of prescribed medicines to her."  (Doc. 30 at ¶ 101).  Plaintiff also alleges a state law claim for tortious conduct arising from Defendants' "refus[al] [of] a valid prescription for postoperative pain medication [for Plaintiff] from a Pharmacy that was under the supervision and control of Rusty Harris."  (Doc. 30 at ¶ 104).  Finally, Plaintiff alleges a claim for conspiracy stating that "[t]o the extent that the actions taken by Rusty Harris were outside the line and scope of his employment with Wal-Mart, his actions appear to have been actions taken in concert with one or more other individuals acting in their personal capacity or as agents servants or employees of co-defendant, Wal-Mart, including but not limited to Chad Souers with whom Harris conferred in order to determine whether Mrs. Hughes shoes were a violation of the 'dress code,' to concoct a 'legitimate, non-retaliatory' reason to discharge Mrs. Hughes."  (Doc. 30 at ¶ 107).

## B. STANDARD OF REVIEW

"A Rule 12 (b)(6) motion tests the legal sufficiency of the complaint. . . .[I]n order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'"  *Coggins v. Abbett,* 2008 WL 2476759 *4 (M.D. Ala. 2008) citing *Bell Atlantic Corp., v. Twombly,* 550 U.S.

544, 127 S.Ct. 1955 (2007).  The standard for a motion to dismiss under Rule 12(b)(6)

was explained in *Twombly* and refined in *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937,

(2009) as follows:

> Two working principles underlie our decision in *Twombly*.  First, the tenet
> that a court must accept as true all the allegations contained in a complaint
> is inapplicable to legal conclusions.  Threadbare recitals of the elements of
> a cause of action, supported by mere conclusory statements, do not suffice.
> Rule 8 marks a notable and generous departure from the hypertechnical,
> code-pleading regime of a prior era, but it does not unlock the doors of
> discovery for a plaintiff armed with nothing more than conclusions.
> Second, only a complaint that states a plausible claim for relief survives a
> motion to dismiss.  Determining whether a complaint states a plausible
> claim for relief will . . . be a context-specific task that requires the
> reviewing court to draw on its judicial experience and common sense.  But
> where the well-pleaded facts do not permit the court to infer more than the
> mere possibility of misconduct, the complaint has alleged - but it has not
> shown - that the pleader is entitled to relief.

*Iqbal,* 556 U.S. at 678-79 (citations and internal edits omitted).

The *Twombly-Iqbal* two-step analysis begins "by identifying the allegations in the

complaint that are not entitled to the assumption of truth" because they are conclusory.

*Id.,* at 195; *Mamani v. Berzain,* 654 F. 3d 1148, 1153 (11th Cir. 2011) ("Following the

Supreme Court's approach in *Iqbal,* we begin by identifying conclusory allegations in the

Complaint.").  After conclusory statements are set aside, the *Twombly-Iqbal* analysis

requires the Court to assume the veracity of well-pleaded factual allegations, and then to

determine whether they "possess enough heft to set forth 'a plausible entitlement to

relief.'"  *Mack v. City of High Springs,* 486 Fed. App'x 3, 6 (11th Cir. 2012). (Quotation

omitted.)  "To survive a motion to dismiss, a complaint need not contain 'detailed factual

allegations' but instead the complaint must contain 'only enough facts to state a claim to relief that is plausible on its face.'" *Maddox v. Auburn Univ. Fed. Credit Union,* 441 B.R. 149, 151 (M.D. Ala. 2010). (Citation omitted).  Establishing facial plausibility, however, requires more than stating facts that establish mere possibility.  *Mamani,,* 654 F. 3d at 1156 ("The possibility that - if even a possibility has been alleged effectively - these defendants acted unlawfully is not enough for a plausible claim.").  Plaintiff is required to "allege more by way of factual content to nudge [her] claim . . . across the line from conceivable to plausible."  *Id.* (Citation omitted.)

## C.  ANALYSIS

### 1.  Defamation Claim

To survive a motion to dismiss on the defamation claim, Plaintiff must plead facts to show

> "[1] that the defendant was at least negligent [2] in publishing [3] a false and defamatory statement to another [4] concerning the plaintiff, [5] which is either actionable without having to prove special harm (actionable per se) or actionable upon allegations and proof of special harm (actionable per quod)."

*Ex parte Crawford Broadcasting Co.,* 904 So.2d 221, 225 (Ala. 2004). Defendants argue that their Motions to Dismiss the defamation claim are due to be granted because Plaintiff fails to allege Wal-Mart was negligent and fails to sufficiently plead publication.  Further, Wal-Mart argues an additional basis for dismissal is present because Plaintiff has not plead facts sufficient to impose liability on Wal-Mart for the actions of its employees.

Defendants' first argument fails because Plaintiff states specifically in the Amended Complaint that Defendants "publicized this information with *actual malice, knowing* that the information was false, or with *reckless* disregard of the fact that the information was probably false."   (Doc. 30 at ¶ 94). (Emphasis added).  Thus, Plaintiff has alleged that Defendants were at least negligent.

Defendants next argue that Plaintiff has failed to plead publication sufficient to state a defamation claim.   The Court's review of the Amended Complaint demonstrates that Plaintiff specifically alleges she was defamed by Harris' statement made to her "in front of Wal-Mart customers, as well as to others at Wal-Mart, that she was unfit to continue working as a pharmacist." (Doc. 30 at ¶ 89).  The law is clear; "publication can be shown by a plaintiff only 'by proof of communication of the defamatory matter to someone other than himself.'"   *Cabble v. Claire's Stores, Inc.,* 919 F. Supp. 397, 402 (Ala. 1996). (Citation omitted) (Evidence sufficient to preclude summary judgment on the issue of publication where evidence showed that each of the three plaintiffs heard the alleged defamatory statements).

Whether Plaintiff can prove publication is not a matter for the Court to determine on a motion to dismiss.   Rather, the question before the Court is whether Plaintiff has alleged "enough facts to state a claim . . . [of defamation] that is plausible on its face.'" *Maddox* 441 B.R. at 151.  Defendants point to *Jones v. Kent Sales & Serv. Corp.,* 2012 U.S. Dist. LEXIS 132109 *26 (N.D. Ala. Sept

17, 2012) for the proposition that failure to specifically identify third parties to whom the alleged defamatory statement was made is a basis for dismissal.  The Court disagrees.   First, *Kent Sales* is merely persuasive authority and is not binding on this Court.  Second, *Kent Sales* is distinguishable on the facts from the instant action because of the level of detail of the Amended Complaint in the instant action.   Indeed, rather than merely alleging the defamatory statements "were heard by third parties", *id.*, the Amended Complaint alleges a specific category of persons – Wal-Mart customers who were standing in line at the pharmacy counter on July 6, 2016 when Defendant, Wal-Mart employee, Rusty Harris stated Plaintiff was "unfit" to continue working while addressing Plaintiff's alleged breach of the dress code.  (Doc. 30 at ¶¶ 27, 41, 89).  Thus, the Court concludes that Plaintiff's Amended Complaint sufficiently states a "plausible" claim of defamation.  *Maddox,* 441 B.R. at 151.  Furthermore, the specific identity of the Wal-Mart customers and others described in the Amended Complaint is exactly the kind of information which discovery may provide.  Accordingly, the Court concludes that Defendants' argument as to the deficiency of pleading publication fails.

Next, Wal-Mart argues that its motion to dismiss is due to be granted on the defamation claim because Plaintiff fails to allege facts sufficient to impute liability for Harris' conduct to Wal-Mart.  The Court disagrees.  The law is well-settled; an employer is liable for its employees' torts where "(1) the employee's acts are

committed in furtherance of the business of the employer; (2) the employee's acts are within the line and scope of his employment; or (3) the employer participated in, authorized, or ratified the tortious acts." *Armstrong v. Standard Furniture*, 197 Fed. App'x. 830, 834 (11th Cir. 2006). The Court's review of the Amended Complaint demonstrates that Plaintiff alleges Harris was a member of Wal-Mart's Market Leadership team and he was in Hughes' chain of command. (Doc. 30 at ¶ 15). Further, at the time of his actions on July 6, 2017, he claimed to be enforcing a Wal-Mart policy when he confronted Hughes' about the dress code and demanded that she complete a Conflict of Interest Disclosure Form. (Doc. 30 at ¶¶ 34-35). Thus, the Court concludes that Plaintiff has plead facts sufficient to state a "plausible" claim that Wal-Mart maybe held liable for Harris' alleged conduct. *Maddox,* 441 B.R. at 151. Accordingly, the Court concludes that Defendants' Motions to Dismiss are due to be denied as to Plaintiff's defamation claim.

### 2. Invasion of Privacy Claim

To survive a motion to dismiss, Plaintiff must allege facts setting forth a plausible claim for invasion of privacy, which encompasses four distinct wrongs as follows:

> "(1) intrusion upon plaintiff's physical solitude or seclusion; (2) publicity which violates ordinary decencies; (3) putting the plaintiff in a false, but not necessarily defamatory, position in the public eye; and (4) appropriation of some element of plaintiff's personality for commercial use."

*Lawrence v. Christian Mission Ctr., Inc.,* 780 F. Supp. 2d 1209, 1217 (M.D. Ala. 2011). In her Amended Complaint, Plaintiff alleges "the Defendants have regularly and

repeatedly made public, private information and matters concerning the Plaintiff, which information places the Plaintiff before members of the public in a false . . .  light in an invasion of her privacy."  (Doc. 30 at ¶ 96).

The Amended Complaint bases this claim, in part, upon the same underlying facts which support the Plaintiff's defamation claim.[2] Those facts concern Harris' statement to Plaintiff made while discussing her alleged breach of the dress code in front of Wal-Mart customers and employees that she was "unfit" to continue working.  (Doc. 30 at ¶¶ 27, 41, 89).    Thus, the Court concludes that Plaintiff fails to plead facts which demonstrate publicity -- that is "a communication that reaches or is sure to reach, the public."  *S.B. v. St. James School,* 959 So. 2d 72, 92 (Ala. 2006) citing Restatement (Second) of Torts § 652D cmt. a (1977). Indeed, "it is not an invasion of the right to privacy . . .  to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons."  *Id*.   Because Plaintiff fails to plead facts sufficient to demonstrate publicity, the Court concludes that Plaintiff fails to sufficiently plead a claim for invasion of privacy premised on publicity.

Plaintiff further alleges "one or more agents, servants, or employees of Defendant Wal-Mart, are believed to have given publicity to private health information about the Plaintiff, whether true or false, that was of no legitimate concern to those to whom the information was disclosed."  (Doc. 30 at ¶ 99).  As factual support, Hughes claims that an

---

[2] However, the Court notes that "publicity" differs from "publication" as used in connection with determining liability for defamation.  Indeed, publication means "any communication to a third person" while publicity means that a "matter is made public".  *S.B. v. St. James School,* 959 So. 2d 72, 91-92

unnamed Millbrook Wal-Mart pharmacist refused to fill a prescription for pain medication which she was given following an operation on the basis that Hughes had another prescription on file for pain medication.  (Doc. 30 at ¶¶ 65-67).  She further alleges that "the pharmacist even called that day and spoke to Mrs. Hughes' former Pharmacy Manager, Vincent Azzarello, who also reported directly to Rusty Harris.  (Doc. 30 at ¶ 68).  She admits that "[t]he specific contents of that conversation are not known, except that it is known that the conversation occurred because Azzarello disclosed the Mrs. Hughes situation to others in the Prattville Pharmacy where Mrs. Hughes had previously worked."  (Doc. 30 at ¶ 68).   Again because Plaintiff has failed to state facts demonstrating that this information was conveyed to more than a small group of persons the Court concludes that Plaintiff fails to plead facts sufficient to state a claim for invasion of privacy based upon publicity.  *St. James School,* 959 So. 2d at 92.

In her response to Defendants' Motions to Dismiss, Plaintiff argues that she states a claim for invasion of privacy based upon an allegation of intrusion into her physical solitude. To state a claim for invasion of privacy based upon intrusion Plaintiff must allege facts sufficient to demonstrate that there was a prying or intrusion which was offensive and that the information disseminated was private.  *Busby v. Truswal Systems Corp.,* 551 So. 2d 322, 323 (Ala. 1989).  Plaintiff bases this claim upon two separate factual scenarios – (1) Defendants discussing Plaintiff's alleged unfitness with her coworker and in front of Wal-Mart customers (2) Defendants discussing information

---

(Ala. 2006) citing Restatement (Second) of Torts § 652D cmt. a (1977).

regarding Plaintiff's health, including the status of her prescriptions for pain medication, with her co-workers.  Indeed, Plaintiff alleges that Defendants have disseminated "private information and matters concerning the Plaintiff."  (Doc. 30 at ¶ 96).  Accordingly, the Court concludes that Plaintiff states a claim for invasion of privacy based upon intrusion, or a claim for intrusion upon seclusion, which is plead sufficiently to survive Defendants' Motions to Dismiss.  *See Drew v. Quest Diagnostics,* 992 F. Supp. 2d 1177, 1188 (N.D. Ala. 2014) (Claim for invasion of privacy based upon "disclosure of 'untrue and incorrect health information'" plead sufficiently to survive motion to dismiss.)  Thus, Defendants' Motions to Dismiss are due to be denied on Plaintiff's claim for invasion of privacy based upon intrusion.

### 3. Tortious Conduct Claim

Plaintiff alleges a claim for Tortious Conduct based on allegations that that "[d]ue to the negligent, wanton, reckless, willful, malicious, or intentional acts of one or more of the Defendants . . .  Mrs. Hughes was refused a valid prescription for postoperative pain medication from a Pharmacy that was under the supervision and control of Rusty Harris." (Doc. 30 at ¶ 104).  She further alleges "Defendants . . .  owed a duty to Plaintiff to be careful not to hurt her."  (Doc. 30 at ¶ 103).  Defendants argue that this claim is due to be dismissed because Plaintiff has failed to allege a duty existed to her to fill a valid prescription for medication.  The Court agrees; the allegation that Defendants owed Plaintiff a duty "to be careful not to hurt her" (Doc. 30 at ¶ 103) is too general a statement to meet the plausibility pleading requirement. *Maddox,* 441 B.R. at 151.  This is

especially so in this instance where the cause of action plead includes the broadly stated claim for tortious conduct, which could encompass many different, unspecified actions, and where Plaintiff only alleges generally multiple levels of conduct ranging all the way from negligent to intentional.  (Doc. 30 at ¶ 104).  Accordingly, the Court concludes Plaintiff fails to state a claim for relief because her factual statements pertaining to this claim do not "possess enough heft to set forth 'a plausible entitlement to relief.'"  *See Mack,* 486 Fed. App'x at 6.

### 4. Conspiracy Claim

Plaintiff attempts to allege a claim for conspiracy stating that "to the extent that the actions taken by Rusty Harris were outside the line and scope of his employment with Wal-Mart, his actions appear to have been actions taken in concert with one or more other individuals acting in their personal capacity or as agents, servants or employees of co-defendant, Wal-Mart, including but not limited to Chad Souers with whom Harris conferred in order to determine whether Mrs. Hughes shoes were a violation of the 'dress code' to concoct a 'legitimate, non-retaliatory' reason to discharge Mrs. Hughes."  (Doc. 30 at ¶ 107).  To establish conspiracy, Plaintiff must demonstrate that Defendants "agreed with at least one other coconspirator . . . to accomplish an unlawful end . . . and intended to have that unlawful end brought about."  *First Bank of Childersburg v. Florey*, 676 So. 2d 324, 327 (Ala. 1996).  Plaintiff has failed to plead an unlawful end.  Indeed, Plaintiff has not alleged that either the act of discussing Wal-Mart's dress code nor her managers' method of doing so was unlawful.  Accordingly, the Court concludes Plaintiff fails to

state a claim for relief because her factual statements pertaining to this claim do not "possess enough heft to set forth 'a plausible entitlement to relief.'"  *See Mack,* 486 Fed. App'x at 6.

## II.  CONCLUSION

Accordingly, for the foregoing reasons, it is the **RECOMMENDATION** of the Magistrate Judge that Defendants' Motions to Dismiss be **GRANTED** in part and **DENIED** in part as follows:

1.    Defendants' Motions to Dismiss be denied as to Plaintiff's claim for Defamation.

2.    Defendants' Motions to Dismiss be granted as to Plaintiff's claim for Invasion of Privacy based upon publicity, but be denied as to Plaintiff's claim for Invasion of Privacy based upon intrusion upon seclusion.

3.    Defendants' Motions to Dismiss be granted as to Plaintiff's claims for Tortious Conduct and Conspiracy.

4.    All other pending motions shall be denied as Moot.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the Recommendation not later than **June 26, 2018**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 12th day of June, 2018.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE