IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TIFFANY HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-225-WKW |
| | ) | [WO] |
| WAL-MART STORES, EAST, LP; | ) | |
| and MICHAEL R. HARRIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Tiffany Hughes seeks information identifying patients who did business at the Prattville Wal-Mart Pharmacy Counter on July 6, 2016, and who may have heard Michael Harris's alleged defamation of Hughes. Wal-Mart refused to turn over that information in discovery, so Hughes filed a Motion to Compel. (Doc. # 48.) The Magistrate Judge granted the Motion to Compel. (Docs. # 56, 57.)

Wal-Mart objects to the Magistrate Judge's orders. (Doc. # 58.) It argues that the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Pub. L. No. 104-191, and the Rules of the Alabama Board of Pharmacy, Ala. Admin. Code § 680-x-2.22, shield the identities of Wal-Mart's pharmacy patients from discovery. (Docs. # 51, 58.) The court has reviewed the Magistrate Judge's order and finds it is not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). In fact, the order would survive *de novo* review.

Hughes seeks to discover individually identifiable health information that federal regulations consider protected under HIPAA. *See* 45 C.F.R. § 160.103 (2017). And generally, Wal-Mart may not disclose protected health information. *Id.* § 164.502(a). But there are exceptions to that general rule. *Id.* § 164.502(a)(1).

One exception, found in 45 C.F.R. § 164.512(e), permits the disclosure of protected health information during judicial proceedings:

> (1) *Permitted disclosures*. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
>
>> (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or
>>
>> (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if . . .
>>
>>> (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

*Id.* § 164.512(e).

The "qualified protective order" mentioned in § 164.512(e)(1)(ii)(B) is "an order of a court . . . or a stipulation by the parties to the litigation" that

> (A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

(B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

*Id.* § 164.512(e)(1)(v).

The Magistrate Judge ordered Wal-Mart to produce the names of patients who might have witnessed Harris's alleged defamation of Hughes. (Doc. # 57.) Under § 164.512(e)(1)(i), the Magistrate Judge's order alone lets Wal-Mart disclose the requested information without violating HIPAA. Alternatively, Wal-Mart could have disclosed the requested information under § 164.512(e)(1)(ii)(B) by having Hughes to submit a qualified protective order to the court. That would not have been difficult because Hughes repeatedly agreed to a protective order. (Doc. # 48, at 3, 5; Doc. # 48-4, at 2, 5–6; Doc. # 61, at 5.) Federal regulations thus make clear that Wal-Mart may disclose the requested information. Because of the Magistrate Judge's orders (Docs. # 56, 57), Wal-Mart *must* disclose it.

The Rules of the Alabama Board of Pharmacy do not require otherwise because the rules specifically permit pharmacies to disclose patient information without patient authorization if "the law demands." Ala. Admin. Code § 680-x-2.22(2)(e). The Magistrate Judge's order demands disclosure here.

It is therefore ORDERED that:

1. Wal-Mart's objections (Doc. # 58) are OVERRULED;

2. The Motion to Compel (Doc. # 48) is GRANTED;

3. The orders of the Magistrate Judge (Docs. # 56, 57) are ADOPTED, except that the deadlines for a joint protective order and for production are modified below;

4. On or before **October 26, 2018**, Plaintiff and Defendant Wal-Mart shall file a Joint Motion for a Protective Order that will govern production of customer–patient information;

5. On or before **November 2, 2018**, Defendant Wal-Mart shall produce to Plaintiff the names of any people — including Wal-Mart's customer–patients — who were at the pharmacy counter on July 6, 2016, when the discussion between Plaintiff and Defendant Hughes occurred; and

6. This case is again REFERRED to the Magistrate Judge under 28 U.S.C. § 636 for further proceedings, determinations, and recommendations as may be appropriate.

DONE this 15th day of October, 2018.

/s/ W. Keith Watkins<br>CHIEF UNITED STATES DISTRICT JUDGE